No. 2586.—P. MASPERO *v.* ERNEST PEDESCLAUX, Administrator.

Where the indorser of a promissory note has died at or about the time of the maturity of the note, but the fact is unknown to the holder or the notary, notice sent through the postoffice to the indorser, at her usual place of residence, will bind the heirs, if it be shown that they were in the habit of receiving letters there, and that they actually received from the postoffice the notice of protest addressed to their mother such notice is equally as binding as though it had been directed to the heirs by name.

APPEAL from the Fourth District Court, parish of Ascension. *Beauvais*, J. *S. M. Berault* and *Emile Legendre*, for plaintiff and appellant. *J. K. Gaudet* and *John H. Ilsley*, for defendant and appellee.

LUDELING, C. J. On the eighth day of March, 1863, J. A. Landry made a note for five thousand dollars to the order of Mrs. A. Pedesclaux, payable twelve months after date, at the counting house of P. Maspero, New Orleans. This note was indorsed in blank by the payee. At its maturity the note was duly protested, and notice of protest was sent through the postoffice, addressed *to the indorser* at Donaldsonville. The indorser had died previously to the maturity of the note, but there is nothing to show that this fact was known to the holder or notary.

It seems to be conceded that the notice of protest would have been good if the indorser had been living when it was made. Is it not valid notwithstanding the death of the indorser?

The evidence shows that the notice of protest was duly received at the Donaldsonville postoffice, where the indorser was in the habit of receiving her letters during her life. Ernest Pedesclaux, the administrator, says: "The letters in the postoffice, when addressed to my

deceased mother, when withdrawn, were opened by my sisters and myself. They were generally withdrawn from the office. Witness recollects receiving a notice of the protest of the note sued on. My sisters were equally heirs of the deceased. Witness received the protest before he was appointed administrator of his mother's succession."

The heirs had not accepted the succession, nor had any administrator been appointed to represent the succession, at the time the protest was made and notice thereof sent. Even if the holder were bound to know that the indorser was dead, under these circumstances, we are not prepared to say the notice was bad. Story on Promissory Notes, § 310; Parsons on Notes and Bills, pp. 500, 501; Stewart v. Eden, 2 Caine's R. 121; 17 John's R. 25; Parsons on Mercantile Law, p. 117.

But in this case the notice actually reached the administrator of the succession, and one of the heirs; and the evidence makes it quite probable that it reached all the heirs in due time. Thus the purpose of the law was attained. 4 An. 483, Louisiana State Bank v. Dumastrait et al.

It is, therefore, ordered that the judgment of the district court be reversed, and that there be judgment against the defendant for the sum of five thousand dollars, with five per cent. per annum interest thereon from the eleventh day of March, 1864, till paid, and costs of both courts, to be paid in due course of administration.